1  G. HOPKINS GUY, III (State Bar No. 124811)
   Email: hopguy@orrick.com
2  KEVIN C. JONES (State Bar No.. 240205)
   Email: kjones@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025
   Telephone:    650-614-7400
5  Facsimile:    650-614-7401

6  Attorneys for Plaintiff
   *UNITY SEMICONDUCTOR CORPORATION*
7

8  MAUREEN A. SHEEHY (State Bar No. 129859)
   Email: masheehy@townsend.com
9  GIA L. CINCONE (State Bar No. 141668)
   Email: glcincone@townsend.com
10 TAE H. KIM (State Bar No. 214684)
   Email: thkim@townsend.com
11 TOWNSEND AND TOWNSEND AND CREW LLP
   Two Embarcadero Center, Eighth Floor
12 San Francisco, CA 94111
   Telephone: 415-576-0200
13 Facsimile: 415-576-0300

14 Attorneys for Defendant
   *DR. JEFFRY A. KELBER*
15

16
                    UNITED STATES DISTRICT COURT
17
                    NORTHERN DISTRICT OF CALIFORNIA
18
                    SAN FRANCISCO DIVISION
19

20 | UNITY SEMICONDUCTOR                         | Case No.  C 06-03570 PJH
21 | CORPORATION, a Delaware Corporation,        |
22 |            Plaintiff,                       |
23 |       v.                                    | **STIPULATED DISMISSAL WITH PREJUDICE; AND [P~~ROPOSED~~]
24 | JEFFRY A. KELBER, an individual, and        | ORDER THEREON**
   | DOES 1-10, inclusive.                       |
25 |            Defendant.                       |
26

27

28

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), it is hereby stipulated by and between Plaintiff, Unity Semiconductor Corporation and Defendant Jeffry A. Kelber, acting through their respective counsel of record, that the above-captioned action shall be dismissed in its entirety, with prejudice, with each party bearing its own costs, including attorneys' fees, with no admission of liability by any party. A copy of the Stipulated Amended Protective Order is attached as Exhibit A.

**IT IS SO ORDERED.**

Dated: May 5, 2008

_____
The Honorable Judge Phyllis J. Hamilton
United States District Judge

*IT IS SO ORDERED* [signature] Judge Phyllis J. Hamilton

**APPROVED AS CONFORMING TO COURT'S ORDER:**

Dated: May __, 2008        ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ G. Hopkins Guy, III*
_____
G. Hopkins Guy, III
Attorneys for Plaintiff
UNITY SEMICONDUCTOR CORPORATION

Dated: May __, 2008        TOWNSEND AND TOWNSEND AND CREW LLP

*/s/ Maureen A. Sheehy*
_____
Maureen A. Sheehy
Attorneys for Defendant
JEFFRY A. KELBER

**PROOF OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 2, 2008.

Dated:  May 2, 2008.                           Respectfully submitted,

                                                                  /s/ Rose Washburn /s/
                                                                  Rose Washburn

OHS West:260432484.1

1  WILLIAM T. DEANE (Texas Bar No. 05692500) (*pro hac vice*)
       bill.deane@oag.state.tx.us
2  ROBERT HENNEKE (Texas Bar No. 24047058) (*pro hac vice*)
       rob.henneke@oag.state.tx.us
3  Assistant Attorney General
   General Litigation Division
4  Office of the Texas Attorney General
   P.O. Box 12548, Capitol Station
5  Austin, TX 78711-2548
   (512) 463-2120 (tel); (512) 320-0667 (fax)
6
   MAUREEN A. SHEEHY (State Bar No. 129859)
7       masheehy@townsend.com
   GIA L. CINCONE (State Bar No. 141668)
8       glc@townsend.com
   TAE H. KIM (State Bar No. 214684)
9       thkim@townsend.com
   TOWNSEND AND TOWNSEND AND CREW LLP
10 Two Embarcadero Center, Eighth Floor
   San Francisco, California 94111
11 Telephone: (415) 576-0200; Facsimile: (415) 576-0300

12 Attorneys for Defendant
   JEFFRY A. KELBER
13
   G. HOPKINS GUY, III (State Bar No. 124811)
14      (hopguy@orrick.com)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
15 1000 Marsh Road
   Menlo Park, CA  94025
16 Telephone:   650-614-7400
   Facsimile:   650-614-7401
17
   Attorneys for Plaintiff
18 UNITY SEMICONDUCTOR CORPORATION

19
                   UNITED STATES DISTRICT COURT
20
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
21

| | |
|---|---|
| 22  UNITY SEMICONDUCTOR<br>CORPORATION, a Delaware corporation,<br>23<br>          Plaintiff,<br>24<br>     v.<br>25  JEFFRY A. KELBER, an individual, and DOES<br>     1-10, inclusive,<br>26<br>          Defendant. | Case No.   C06-03570 PJH<br><br>[~~PROPOSED~~] **AMENDED<br>PROTECTIVE ORDER**<br><br>The Hon. Phyllis J. Hamilton<br>Courtroom 3, 17th Floor<br><br>Discovery cutoff: February 6, 2008<br>Trial date: August 4, 2008 |

27
28

[PROPOSED] AMENDED PROTECTIVE ORDER
CASE NO. C06-03570 PJH

The Court hereby issues the following Amended Protective Order:

Pursuant to Fed. R. Civ. P. 26(c), all discovery and other materials exchanged by the parties or filed with the Court since the commencement of the above-captioned action shall be provided subject to the following conditions, to the extent not prohibited by the Texas Public Information Act of the Texas Government Code.

**A.   Definitions.**

1. "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2. "Disclosure or Discovery Material": all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3. "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

4. "Producing Party": a Party or non-party that produces Disclosure or Discovery Material in this action.

5. "Receiving Party": a Party that receives Disclosure or Discovery Material from a Producing Party.

6. "Protected Material": any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY," or "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY."

7. "Designating Party": a Party or non-party that designates information, documents or things that it produces in disclosures or in response to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY," or "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY."

8. "Counsel of Record": counsel who have appeared on the pleadings as counsel for a

1  Party, employees of such counsel to whom it is reasonably necessary to disclose the information for
2  this litigation, and the following additional persons who have signed this Protective Order:
3        Renaldo Stowers, Senior Associate General Counsel, UNT
4      9.    "<u>Expert</u>": a person with specialized knowledge or experience in a matter
5  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness
6  or as a consultant in this action and who is not a past or current employee of a Party or of a competitor
7  of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a
8  competitor of a Party. This definition includes a professional jury or trial consultant retained in
9  connection with this litigation.
10     10.   "<u>Professional Vendors</u>":  persons or entities that provide litigation support
11 services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstratives;
12 organizing, storing, retrieving data in any form or medium; performing forensic analysis; etc.) and
13 their employees and subcontractors.
14   B.   <u>Scope</u>.
15     11.   The protections conferred by this Order cover not only Protected Material (as
16 defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts,
17 summaries, or compilations thereof.
18   C.   <u>Designating Protected Material</u>.
19     12.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each
20 Party or non-party that designates information or items for protection under this Order must take care
21 to limit any such designation to specific material that qualifies under the appropriate standards. A
22 Designating Party must take care to designate for protection only those parts of material, documents,
23 items, or oral or written communications that qualify -- so that other portions of the material,
24 documents, items, or communications for which protection is not warranted are not swept
25 unjustifiably within the ambit of this Order.
26     13.   Mass, indiscriminate, or routinized designations are prohibited. Designations
27 that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
28 unnecessarily encumber or retard the case development process, or to impose unnecessary expenses

[PROPOSED] AMENDED PROTECTIVE ORDER                   -3-
CASE NO.C06-03570 PJH

1  and burdens on other parties), expose the Designating Party to sanctions.

2      14.    If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

6      15.    The Parties agree that any document containing or describing a trade secret or trade secret material which Dr. Kelber is alleged to have accessed, used or obtained, shall be designated as "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY" but that Dr. Kelber shall be otherwise required to protect the confidentiality of such materials as provided in this Protective Order. Unity agrees not to designate materials as "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY" if such materials are alleged to have been provided to, accessed by, or otherwise disclosed to Dr. Kelber at any time prior to this litigation.

14      16.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., paragraph 17(b), below (for testimony given in deposition or in other pretrial or trial proceedings)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

18      17.    <u>Designation in conformity with this Order requires:</u>

19      a)    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY," or "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY," or "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY") or by other means agreed to by the parties.

1          b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY," or "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY," or "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

        c)    <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY," or "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions by means agreed to by the parties.

        18.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY," or "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY" does not, standing alone, waive the Designating

[PROPOSED] AMENDED PROTECTIVE ORDER  
CASE NO. C06-03570 PJH

-5-

Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY," or "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### D. Challenging Confidentiality Designations.

19. <u>Timing Of Challenges.</u> A Party may challenge the propriety of any designation under this Order at any time.

20. <u>Meet And Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by meeting and conferring with counsel for the Designating Party.

21. <u>Judicial Intervention.</u> A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

### E. Access To and Use Of Protected Materials.

22. <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, to the extent not prohibited by the Texas Public Information Act of the Texas Government Code. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraphs 37-39 below, to the extent not prohibited by the Texas Public Information Act of the Texas Government Code.

23. Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons authorized under this Order, to the extent not prohibited by the Texas Public Information Act of the Texas Government Code, and subject to the provisions of paragraphs 37-39.

24. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated CONFIDENTIAL only to:

(a) the receiving Party's Counsel of Record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel, specifically including any court-appointed or mutually-agreed upon mediator in this matter, including but not limited to: Mr. Howard Herman;

(e) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(g) the author of the document or the original source of the information.

25. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted

in writing by the Designating Party, a Receiving Party may disclose any information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY" only to:

    (a)    the receiving Party's Counsel of Record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c)    the Court and its personnel, specifically including any court-appointed or mutually-agreed upon mediator in this matter, including but not limited to: Mr. Howard Herman;

    (d)    court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (e)    the author of the document or the original source of the information.;

26. Notwithstanding the foregoing, the transcript of the deposition of Dr. Jeffry A. Kelber taken on June 15, 2007, which has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY", may be accessed by the following additional individuals:

- Morgan Malino, Chief Legal Counsel, Unity Semiconductor
- John Sanchez, Director, Materials Science, Unity Semiconductor
- Darrell Rinerson, CEO & President, Unity Semiconductor

27. <u>Disclosure of "HIGHLY CONFIDENTIAL – Dr. KELBER ATTORNEYS AND CONSULTANTS ONLY."</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY" only to:

    (a)    the receiving Party's Counsel of Record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (b) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (c) the Court and its personnel, specifically including any court-appointed or mutually-agreed upon mediator in this matter, including but not limited to: Mr. Howard Herman;

   (d) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (e) the author of the document or the original source of the information; and

   (f) Dr. Jeffry Kelber.

 **F.** **Access of Experts.**

  28. <u>Notice</u>. If a Receiving Party wishes to disclose another party's Protected Material to any Expert, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the full name and professional address and/or affiliation of the Expert, (b) his or her prior employment or consultancies in the previous five years, (c) all of the person's other present employment or consultancies in the field, and (d) whether he or she has ever been found by any court, arbitrator, or other tribunal to have violated any court order.

  29. <u>Objections</u>. The Designating Party shall have ten (10) calendar days from receipt of such notice to object in writing to such disclosure. Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 10-day period, if no objection has been asserted, then Protected Material may be disclosed to the Expert pursuant to the terms of this Order.

  30. <u>Meet and Confer</u>. A Party that receives a timely written objection to another party's Expert must meet and confer with the objecting Party to resolve the matter by agreement. Approval by the objecting Party shall not be unreasonably withheld.

  31. <u>Judicial Intervention</u>. If no agreement is reached, the objecting Party may, within fifteen (15) days following its objection, file a motion for a protective order preventing disclosure of Protected Material to the Expert. The burden of persuasion in any such motion shall be

1  on the Party opposing disclosure to the Expert. Prior to the resolution of any such objection, the
2  Designating Party's Designated Material shall not be disclosed to the Expert.

3      **G.**    **Prosecution Bar.**

4      32.    Unless otherwise agreed to in writing between Unity and Kelber, Kelber and
5  any individual associated with Kelber or UNT (including, but not limited to, experts, consultants, or
6  attorneys of Kelber or UNT) who personally receives any material designated by Unity "HIGHLY
7  CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY" shall not personally prosecute or
8  personally prepare any patent application or personally participate in the drafting of patent claims for
9  Kelber directed to resistive switching materials from the time of receipt of such material through and
10  including one year following the first to occur of: (i) the complete resolution of this case through entry
11  of a final non-appealable judgment or order for which appeal has been exhausted, or (ii) the complete
12  settlement of all claims against all Parties in this action. This provision shall not apply to Unity or any
13  employee, attorney or agent of Unity.

14      **H.**    **Protected Material Subpoenaed or Ordered Produced in Other Litigation.**

15      33.    If a Receiving Party is served with a subpoena or a court order that would
16  compel disclosure of any information, documents or things designated in this action as
17  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY,"
18  or "HIGHLY CONFIDENTIAL – Dr. KELBER, ATTORNEYS AND CONSULTANTS ONLY" the
19  Receiving Party must so notify the Designating Party, in writing (by fax) promptly and in no event
20  more than ten (10) calendar days after receiving the subpoena or order. Such notification must include
21  a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the
22  party who caused the subpoena or order to issue that some or all the material covered by the subpoena
23  or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of
24  this Protective Order promptly to the Party in the other action that caused the subpoena or order to
25  issue. The purpose of imposing these duties is to alert the interested parties to the existence of this
26  Protective Order and to afford the Designating Party in this case an opportunity to try to protect its
27  confidentiality interests in the court from which the subpoena or order issued. The Designating Party
28  shall bear the burdens and the expenses of seeking protection in that court of its confidential material

[PROPOSED] AMENDED PROTECTIVE ORDER  
CASE NO.C06-03570 PJH

- 10 -

and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. This section is only applicable to the extent not prohibited by the Texas Public Information Act of the Texas Government Code.

### I. Unauthorized Disclosure Of Designated Material.

34.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order by providing a copy of this Order to such person or persons, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### J. Filing Protected Material.

35.     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

### K. Duration.

36.     Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### L. Final Disposition.

37.     Unless otherwise ordered or agreed in writing by the Parties, within sixty (60) calendar days after the final termination of this action, Kelber must return all Unity material related to this case, whether Protected Material or not Protected Material, to Unity. This includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any Protected Material as well as any e-mails, documents, or other documentation produced in, giving rise to, or relating to, this case and/or exchanged between any employee or agent of Unity and Kelber or any agent of Kelber. Notwithstanding this provision, Counsel of Record are entitled to an archival copy of

1  all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product
2  and a copy of the deposition transcript for the deposition of Kelber, even if such materials contain
3  Protected Material. Any such archival copies that contain or constitute Protected Material remain
4  subject to this Protective Order as set forth in paragraph 35, above.

5       38.    All documents subject to paragraph 37 above but not returned to Unity shall be
6  kept at the offices of the General Counsel, University of North Texas, P.O. Box 310907, Denton,
7  Texas 76203, in a secure, locked location.

8       39.    Unless otherwise ordered or agreed in writing by Kelber, within sixty (60)
9  calendar days after the final termination of this action, Unity must destroy or return all Protected
10  Material to Kelber. As used in this Paragraph, "all Protected Material" includes all copies, abstracts,
11  compilations, summaries or any other form of reproducing or capturing any of the Protected Material.
12  With permission in writing from Kelber, Unity may destroy some or all of the Protected Material
13  instead of returning it. Whether the Protected Material is returned or destroyed, Unity much submit a
14  written certification to Kelber (and, if not the same person or entity, to the Designating Party) by the
15  sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was
16  returned or destroyed and that affirms that the Unity has not retained any copies, abstracts,
17  compilations, summaries or other forms of reproducing or capturing any of the Protected Material.
18  Notwithstanding this provision, Counsel of Record are entitled to an archival copy of all pleadings,
19  motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such
20  materials contain Protected Material. Any such archival copies that contain or constitute Protected
21  Material remain subject to this Protective Order as set forth in paragraph 35, above.

22  **M.**    **Miscellaneous.**

23       40.    <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person
24  to seek its modification by the Court in the future.

25       41.    <u>Right to Assert Other Objections.</u> No Party waives any right it otherwise would
26  have to object to disclosing or producing any information, documents or things on any ground not
27  addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the
28  use in evidence of any of the material covered by this Protective Order.

[PROPOSED] AMENDED PROTECTIVE ORDER
CASE NO.C06-03570 PJH

- 12 -

42. <u>Notice</u>. Any notice or objection to be provided under this Order shall be provided by facsimile as set forth below. The first page of any such notice or objection shall use the caption for this action.

To Unity:     (650) 614-7401 (Attn: G. Hopkins Guy, III and Kevin C. Jones)

To Kelber:    (415) 576-0300 (Attn: Maureen A. Sheehy and Tae Kim)

Dated: April 14, 2008                     OFFICE OF THE ATTORNEY GENERAL

                                          /s/
                                          ROBERT HENNEKE
                                          Assistant Attorney General
                                          Office of the Texas Attorney General
                                          Attorneys for Defendant
                                          JEFFRY A. KELBER

                                          MAUREEN A. SHEEHY
                                          GIA L. CINCONE
                                          TAE KIM
                                          TOWNSEND AND TOWNSEND AND CREW LLP
                                          Two Embarcadero Center, Eighth Floor
                                          San Francisco, California 94111
                                          Telephone: (415) 576-0200
                                          Facsimile: (415) 576-0300

                                          Attorneys for Defendant
                                          JEFFRY A. KELBER


Dated: April 14, 2008                     ORRICK, HERRINGTON & SUTCLIFFE LLP

                                          /s/
                                          G. Hopkins Guy, III

                                          Attorneys for Plaintiff
                                          UNITY SEMICONDUCTOR CORPORATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

APPROVED AS CONFORMING TO COURT'S ORDER:

**IT IS SO ORDERED.**

Dated: ___April 18___, 2008

_____
The Honorable Phyllis J. Hamilton
United States District Judge

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
## BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California, in the case of United Semiconductor Corporation v. Jeffry A. Kelber, Case No. C 06-03570 PJH. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information, documents or things that are subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the Northern District of California, for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:

_____
[printed name]

_____
[signature]                                    DATE

## PROOF OF SERVICE

1  I, Linda Tan, declare: I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction this service was made. I am over the age of eighteen and not a party to this action. My business address is Townsend and Townsend and Crew LLP, Two Embarcadero Center, Eighth Floor, San Francisco, California, 94111.

On April 15, 2008, I served the following documents exactly entitled: **[PROPOSED] AMENDED PROTECTIVE ORDER** on the interested parties in this action by:

> G. Hopkins Guy, III
> Orrick, Herrington & Sutcliffe LLP
> 1000 Marsh Road
> Menlo Park, CA 94025
> (650) 614-7452 (tel)
> (650) 614-7401 (fax)
> hopguy@orrick.com

**E-FILING AND/OR E-MAILING DOCUMENT**
[ ]   ELECTRONIC TRANSMISSION: I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above. The transmitting terminal address is _____@townsend.com.

**ONLY E-FILING DOCUMENT**
[x]   ELECTRONIC TRANSMISSION: I declare that a copy of said document(s) was filed electronically on April 15, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on April 15, 2008, at San Francisco, California.

61335648 v1

                                                    /s/
                                            _____
                                                Linda Tan

PROOF OF SERVICE
CASE NO. C06-03570 PJH                                              - 1 -